Rcvd FILED CHARLOTTE, N. C. JUL 19 2005 U. S. DISTRICT COURT W. DIST. OF N. C.

FILED CHARLOTTE, N. C. AUG 1 2005 U. S. DISTRICT COURT W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>BARBARA ANN ALEXANDER,<br>Defendant(s),<br>and<br><br>KIDDIE FARMS CHILD DEVELOPMENT<br>CENTER, INC.,<br>Garnishee. | CASE NO. 3:94CV237-H<br>(Financial Litigation Unit) |

## WRIT OF CONTINUING GARNISHMENT

GREETINGS TO:  Kiddie Farms Child Development Center, Inc.
PO Box 56003,
Charlotte, NC 28256-0003
Attn: Gloria J. Varner

An Application for a Writ of Garnishment against property of Barbara Ann Alexander, defendant/debtor, has been filed with this Court. A judgment has been entered against the defendant/debtor. The current total amount of $29,943.76, which includes the principal amount of $27,385.20, and interest at the rate of 5.53% and in the amount of $1,433.84 computed through July 13, 2005, a $1,076.62 surcharge, plus $24.00 in costs is due and owing.

You, as Garnishee, are required by law to answer in writing, under oath, within ten (10) days of service of this Writ, whether or not you have in your custody, control or possession, any property, or funds owned by the debtor, including non-exempt, disposable earnings.

You must withhold and retain any property in which the defendant/debtor has a substantial non-exempt interest and for which you are or may become indebted to the defendant/debtor pending



further order of the court. This means that you should withhold 25% of the defendant/debtor's earnings which remain after all deductions required by law have been withheld and 100% of all 1099 payments. See 15 U.S.C. §1673(a).

Please state whether or not you anticipate paying the debtor any future payments and whether such payments are weekly, bi-weekly, monthly, annually or bi-annually.

You must file the original written Answer to this Writ within ten (10) days of your receipt of this Writ with the following office:

> Clerk of the United States District Court
> 401 West Trade Street
> Charlotte, NC 28202

Additionally, you are required by law to serve a copy of the Answer upon the Defendant/debtor at his/her last known address:

> Barbara Ann Alexander
> 105 Central Ave., Box 341
> Huntersville, NC 28078

You are also required to serve a copy of the Answer upon the Plaintiff at the following address:

> Jennifer A. Youngs, Assistant United States Attorney
> United States Attorney's Office
> Financial Litigation Unit
> 227 West Trade Street, Suite 1650
> Charlotte, NC 28202

Under the law, there is property which may be exempt from this Writ of Garnishment. Property which is exempt and which is not subject to this order may be listed on the attached Claim for Exemption form.

Pursuant to 15 U.S.C. §1674, you, the Garnishee, are prohibited from discharging the

defendant/debtor from employment by reason of the fact that his earnings have been subject to garnishment for any one indebtedness.

Pursuant to 28 U.S.C. §3205(c)(6), if you fail to answer this writ or withhold property or funds in accordance with this writ, the United States of America may petition the court for an order requiring you to appear before the court to answer the Writ and to withhold property before the appearance date. If you fail to appear, or do appear and fail to show good cause why you failed to comply with this Writ, the court shall enter a judgment against you for the value of the defendant/debtor's non-exempt interest in such property. The court may award a reasonable attorney's fee to the United States and against you if the Writ is not answered within the time specified. It is unlawful to pay or deliver to the defendant/debtor any item attached by this Writ.

This the 1st day of August, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

# CLAIM FOR EXEMPTION FORM

You can claim Federal exemptions by checking items (a) through (l), pursuant to 11 U.S.C. §522(d) or you can claim exemptions under North Carolina State Law by using the attached NC State Form AOC_CV-407 Motion to Claim Exempt Property.

___ Federal Exemptions.

    (a)___ $18,450 of equity in your residence.

    (b)___ $2,950 of equity in a motor vehicle.

    (c)___ Jewelry worth up to $1,225.

    (d)___ Personal property worth up to $9,850. (However, no single item worth more than $475 can be claimed as exempt.)

    (e)___ Property totaling up to $975 in value, plus up to $9,250 of any unused amount of the exemption provided in number 11(a) above.

    (f)___ $1,850 of equity in professional books, implements or tools, of your trade or your dependant's trade.

    (g)___ Any unmatured life insurance contract you own, other than credit life insurance.

    (h)___ The aggregate value, up to $9,850, of any accrued dividend or interest under, or loan value of, any unmatured life insurance contract you own, but only if you are the insured or you are a dependant of the insured.

    (i)___ Professionally prescribed health aids for you or your dependants.

    (j)___ Unemployment compensation benefits, local public assistance benefits, disability benefits, illness benefits; and alimony, support, and separate maintenance, to the extent these items are reasonably necessary for your support or the support of your dependants.

    (k)___ A payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for your support or the support of your dependants, subject to the limitations set forth at Title 11 United States Code Section 522(d)(10)(E)(i)-(iii).

1

(l)\_\_\_   Your right to receive, or property that is traceable to,
- an award under a crime victim's reparation law;
- a payment on account of the wrongful death of an individual of whom you were a dependant, but only to the extent reasonably necessary for your support or the support of your dependants;
- a payment under a life insurance contract that insured an individual of whom you were a dependant on the date of the insured's death, but only to the extent reasonably necessary for your support or the support of your dependants;
- a payment, not to exceed $18,450, on account of personal bodily injury suffered by you or by an individual of whom you are a dependant; however, payment for pain and suffering or payment to compensate actual pecuniary loss are not exempt under this paragraph;
- a payment in compensation of loss of your future earnings or the future earnings of an individual of whom you are, or were, a dependant, but only to the extent reasonably necessary for your support or the support of your dependants.

*(TYPE OR PRINT IN BLACK INK)*
# STATE OF NORTH CAROLINA

_____ County

| File No. | Abstract No. |
|---|---|
| Judgment Docket Book And Page No. | |

In The General Court Of Justice
☐ District ☐ Superior Court Division

Name Of Judgment Creditor (Plaintiff)

**VERSUS**

Name Of Judgment Debtor (Defendant)

## MOTION TO CLAIM EXEMPT PROPERTY
### (STATUTORY EXEMPTIONS)
G.S. 1C-1603(c)

I, the undersigned, move to set aside the property claimed below as exempt.

1. I am a citizen and resident of _____
2. ☐ a. I am married to _____
   ☐ b. I am not married.
3. My current address is _____
4. The following persons are dependent on me for support:

| Name(s) Of Person(s) Dependent On Me | Age | Relationship |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

5. I wish to claim as exempt *(keep from being taken)* my interest in the following real or personal property that I use as a residence. I also wish to claim my interest in the following burial plots for myself or my dependents. I understand that my total interest claimed in the residence and burial plots may not exceed $10,000.00.

Street Address Of Residence

| County Where Property Located | Township | No. By Which Tax Assessor Identifies Property |
|---|---|---|
| | | |

Legal Description *(Attach a copy of your deed or other instrument of conveyance or describe property in as much detail as possible. Attach additional sheets if necessary.)*

| Name(s) Of Owner(s) Of Record Of Residence | Estimated Value Of Residence (What You Think You Could Sell It For) $ |
|---|---|

| Amount Of Lien(s) And Name(s) And Address(es) Of Lienholder(s): *(How much money is owed on the property and to whom)* | Current Amount Owed |
|---|---|
| | $ |
| | $ |

| Location Of Burial Plots Claimed | Value Of Burial Plots Claimed $ |
|---|---|

**NOTE TO DEBTOR (DEFENDANT):** *The Clerk of Superior Court cannot fill out this form for you. If you need assistance, you should talk with an attorney.*

AOC-CV-407, Page 1 of 3, Rev. 9/03
® 2003 Administrative Office of the Courts

(Over)

6. I wish to claim the following personal property consisting of household furnishings, household goods, wearing apparel, appliances, books, animals, crops or musical instruments as exempt from the claims of my creditors (in other words, keep them from being taken from me). These items of personal property are held primarily for my personal, family or household use.

I understand that I am entitled to personal property worth the sum of $3,500.00. I understand I am also entitled to an additional $750.00 for each person dependent upon me for support, but not to exceed $3,000.00 for dependents. I further understand that I am entitled to this amount after deducting from the value of the property the amount of any valid lien or security interest. Property purchased within ninety (90) days of this proceeding is not exempt. (*Some examples of household goods would be TV, appliances, furniture, clothing, radios, record players.*)

| Item Of Property | Fair Market Value (What You Could Sell It For) | Amount Of Lien Or Security Interest (Amount Owed On Property) | Name(s) Of Lienholder(s) (To Whom Money Is Owed) | Value Of Debtor's (Defendant's) Interest (Fair Market Value Less Amount Owed) |
|---|---|---|---|---|
| | $ | $ | | $ |
| | $ | $ | | $ |
| | $ | $ | | $ |

7. I wish to claim my interest in the following motor vehicle as exempt from the claims of my creditors. I understand that I am entitled to my interest in one motor vehicle worth the sum of $1,500.00 after deduction of any valid liens or security interests. I understand that a motor vehicle purchased within ninety (90) days of this proceeding is not exempt.

| Make And Model | Year | Name Of Title Owner Of Record |
|---|---|---|
| | | |

| Fair Market Value (What You Could Sell It For) | Name Of Lienholder(s) Of Record (Person(s) To Whom Money Is Owed) |
|---|---|
| $ | |

| Amount Of Liens (Amount Owed) | Value Of Debtor's (Defendant's) Interest (Fair Market Value Less Amount Owed) |
|---|---|
| $ | $ |

8. (This item is to claim any other property you own that you wish to exempt.) I wish to claim the following property as exempt because I claimed residential or real property as exempt that is worth less than $3,500.00, or I made no claim for a residential exemption under section (5) above. I understand that I am entitled to $3,500.00 in any property only if I made no claim under section (5) above and that if I make a claim under section (5), that I am entitled to $3,500.00 in any property minus any amount I claimed under section (5). (*Examples: claim of $1,000.00 under section (5), $2,500.00 allowed here; claim of $3,600.00 under section (5), no claim under section (5), $3,500.00 in any property allowed here.*) I further understand that the amount of my claim under this section is after the deduction from the value of this property of the amount of any valid lien or security interests and that tangible personal property purchased within ninety (90) days of this proceeding is not exempt.

| Item Of Personal Property Claimed | Fair Market Value | Amount Of Lien(s) | Name(s) Of Lienholder(s) | Value Of Debtor's (Defendant's) Interest |
|---|---|---|---|---|
| | $ | $ | | $ |
| | $ | $ | | $ |
| | $ | $ | | $ |
| | $ | $ | | $ |

**Real Property Claimed** (*I understand that if I wish to claim more than one parcel, I must attach additional pages setting forth the following information for each parcel claimed as exempt.*)

| Street Address | Estimated Value Of Property (What You Could Sell It For) |
|---|---|
| | $ |

| County Where Property Located | Township | No. By Which Tax Assessor Identifies Property |
|---|---|---|
| | | |

Description (*Attach a copy of your deed or other instrument of conveyance or describe the property in as much detail as possible.*)

| Name And Address Of Lienholder | Current Amount Owed |
|---|---|
| | $ |
| Name And Address Of Lienholder | Current Amount Owed |
| | $ |

(*Attach additional sheets for more lienholders.*)

AOC-CV-407, Page 2 of 3, Rev. 9/03
© 2003 Administrative Office of the Courts

|  | File No. | Abstract No. |
|---|---|---|
| **VERSUS** | | |
| Name Of Judgment Creditor (Plaintiff) | Judgment Docket Book And Page No. | |

9. I wish to claim the following items of health care aid necessary for ☐ myself ☐ my dependents. *(wheelchairs, hearing aids, etc.)*

| Item | Purpose |
|---|---|
| | |
| | |
| | |

10. I wish to claim the following implements, professional books, or tools (not to exceed $750.00), of my trade or the trade of my dependent. I understand such property purchased within ninety (90) days of this proceeding is not exempt.

| Item | Estimated Value *(What You Could Sell It For)* | What Business Or Trade Used In |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

11. I wish to claim the following life insurance policies whose sole beneficiaries are my spouse and/or my children as exempt.

| Name Of Insurer | Policy Number | Beneficiary(ies) |
|---|---|---|
| | | |
| | | |
| | | |

12. I wish to claim as exempt the following compensation which I received for the personal injury of myself or a person upon whom I was dependent for support or compensation which I received for the death of a person upon whom I was dependent for support. I understand that this compensation is not exempt from claims for funeral, legal, medical, dental, hospital or health care charges related to the accident or injury which resulted in the payment of the compensation to me.

| Amount Of Compensation<br>$<br>Location Of Compensation | Method Of Payment Lump Sum Or Installments *(If Installments, State Amount, Frequency And Duration Of Payments)* |
|---|---|
| | |

13. I wish to claim my individual retirement accounts and individual retirement annuities (IRA's) that are listed below.

| Name Of Custodian Of IRA Account | Account Number |
|---|---|
| | |

14. The following is a complete list of persons or businesses that have judgments for money against me.

15. The following is a complete listing of my property which I do **NOT** claim as exempt.

| Item | Location | Estimated Value |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

16. I certify that the above statements are true.

| Date | Signature Of Judgment Debtor/Attorney For Debtor (Defendant) |
|---|---|
| | |

17. A copy of this Motion was served on the judgment creditor (plaintiff) by: ☐ delivering a copy to the judgment creditor (plaintiff) personally ☐ delivering a copy to _____, the judgment creditor's attorney. ☐ depositing a copy of this Motion in a post-paid properly addressed envelope in a post office, addressed to the judgment creditor (plaintiff) at the address shown on the notice of rights served on me. ☐ depositing a copy of this motion in a post-paid properly addressed envelope in a post office, addressed to the judgment creditor's (plaintiff's) attorney at the following address: _____

| Date | Address And Phone Number Of Attorney For Debtor (Defendant) |
|---|---|
| Signature Of Judgment Debtor/Attorney For Debtor (Defendant) | |

AOC-CV-407, Page 3 of 3, Rev. 9/03
© 2003 Administrative Office of the Courts

FILED
CHARLOTTE, N. C.

JUL 19 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>　　v. )<br>　　　　　　　　　　　　　　　　)<br>BARBARA ANN ALEXANDER, )<br>　　　　Defendant(s), )<br>and )<br>　　　　　　　　　　　　　　　　)<br>KIDDIE FARMS CHILD DEVELOPMENT )<br>CENTER, INC., )<br>　　　　Garnishee. )<br>_____ ) | CASE NO. 3:94CV237-H<br>(Financial Litigation Unit) |

## APPLICATION FOR WRIT OF CONTINUING GARNISHMENT
## PURSUANT TO 28 U.S.C. §3205

The United States of America, plaintiff, makes application in accordance with 28 U.S.C. §3205 to the Clerk of the United States District Court to issue a Writ of Continuing Garnishment upon the judgment entered against the defendant/debtor, Barbara Ann Alexander, Social Security Number XXX-XX-8332, whose last known address is: 105 Central Ave., Box 341, Huntersville, NC 28078. Judgment in the above captioned matter was entered on August 1, 1995, in favor of the United States against the defendant/debtor for recovery of the judgment amount of $18,697.66 and post-judgment interest at the rate of 5.53%, compounded annually. The total balance due is $29,943.76, as of July 13, 2005.

Demand for payment of the above-stated debt was made upon the debtor on December 6, 1995. Not less than 30 days has elapsed since demand on the debtor for payment of the debt was made, and debtor has failed to satisfy the debt.

The Garnishee is believed to owe or will owe money or property to the judgment defendant/debtor, or is in possession of property of the defendant/debtor, and said property is a

substantial nonexempt interest of the defendant/debtor.

The name and address of the Garnishee or his authorized agent is:

> Kiddie Farms Child Development Center, Inc.
> PO Box 56003
> Charlotte, NC 28256-0003
> Attn: Gloria J. Varner

This the 19th day of July, 2005.

Respectfully submitted,

GRETCHEN C.F. SHAPPERT
UNITED STATES ATTORNEY

JENNIFER A. YOUNGS
ASSISTANT UNITED STATES ATTORNEY
NCSB# 23925
227 West Trade Street, Suite 1650
Charlotte, NC 28202
(704) 344-6222